85 N.J. Super. 551 (1964)
205 A.2d 457
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
WILLIAM J. HOPE, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 30, 1964.
Decided December 11, 1964.
*553 Before Judges GOLDMANN, SULLIVAN and LABRECQUE.
Mr. John J. Francis, Jr., Assistant Prosecutor, argued the cause for appellant (Mr. Brendan T. Byrne, County Prosecutor of Essex County, attorney).
Mr. Raymond M. Tierney, Jr. (assigned counsel) argued the cause for respondent.
The opinion of the court was delivered by SULLIVAN, J.A.D.
The State, pursuant to leave granted by this court, appeals from an order suppressing evidence on the ground that all goods seized by the police were obtained by a search incidental to an unlawful arrest, and all statements made by defendant were made incidental to an unlawful arrest and search and while defendant was in illegal detention.
On the date in question a police officer of the Port of New York Authority observed defendant in a section of the Port of New York Authority Terminal building which contained public lockers. Defendant was in a crouched position, had two open suitcases in front of him, and was transferring items from one suitcase to another. The officer described the items which he saw in the open suitcases as electric irons, transistor radios, rings, wristwatch bands and trinkets. In response to the Officer's inquiry defendant said he was trying to organize his bags and that he was employed by a man in Newark who had sent him to New York City to sell some pawnship items. The officer had defendant accompany him to the police desk in the same building, the defendant carrying the two bags with him. There he was questioned further about the items in the suitcases and made a statement that he had obtained them by breaking into a pawnshop in Newark. The Newark police were called and verified that there had been a breaking and entry at the address furnished by defendant. Three detectives were sent over from Newark and defendant "volunteered" to go back with them to Newark. Upon his return to New Jersey, the Newark police took a statement from defendant. Thereafter *554 defendant waived indictment and was charged in an accusation with entering and larceny. The motion to suppress followed.
It is undisputed that, subject to federal constitutional principles, the validity of defendant's initial detention, and the alleged search and seizure are governed by New York law.
The record presented on this appeal does not disclose an unlawful arrest with incidental illegal search and seizure, or the illegal taking of statements from defendant. A law enforcement officer has the right to stop and question a person found in circumstances suggestive of the possibility of violation of criminal law. Cf. State v. Taylor, 81 N.J. Super. 296, 312-313 (App. Div. 1963); People v. Rivera, 14 N.Y.2d 441, 252 N.Y.S.2d 458, 201 N.E.2d 32 (Ct. App. 1964); United States v. Vita, 294 F.2d 524, 530 (2 Cir. 1961). Such investigatory detention is not an arrest, "[a]nd the evidence needed to make the inquiry is not of the same degree or conclusiveness as that required for an arrest." Rivera, supra, 252 N.Y.S.2d, at p. 461, 201 N.E.2d, at p. 34.
In the instant case the circumstances which the officer observed were unusual and suspicious, and suggested the possibility of a violation of criminal law. So far as the record discloses, defendant, upon being questioned as to his possession of articles which had been exposed in open view, readily admitted that he had obtained them by breaking and entry of a pawnshop in Newark. The fact that defendant was questioned at the police desk in the Port Authority Terminal building after the police officer had brought him from the public locker section of the same building to the police desk, did not take the matter out of the "stop and question" category.
However, defendant's counsel contends that at the hearing of his motion to suppress made pursuant to R.R. 3:2A-6(a), the trial court strictly limited defendant's presentation of evidence, and that all of the pertinent facts as to defendant's detention and the alleged search and seizure and *555 statements were not presented. The record supports this contention.
Where there is a dispute as to material facts on a motion to suppress made pursuant to R.R. 3:2A-6(a), the trial court should not restrict the State or defendant in the presentation of all relevant evidence so that, if appellate review is had, the record will be complete, and a final adjudication can be made.
Here, while we disagree with the trial court's ruling on the present record, defendant urges that a full record will show that the evidence should be suppressed.
The order appealed from is reversed, and the matter remanded for a rehearing of defendant's motion in accordance with the foregoing.